**FILED**
**APR 15 2015**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No: |
| ) | |
| MICHAEL BRYANT  ) | 2:14-cr-00409-JHH-SGC |
| ) | |
| Defendant.  ) | |

<u>PLEA AGREEMENT</u>

The Government and the Defendant, **MICHAEL BRYANT**, hereby acknowledge the following plea agreement in this case:

<u>PLEA</u>

The Defendant agrees to plead guilty to **COUNT ONE** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in **Paragraphs VII and VIII**.

<u>TERMS OF THE AGREEMENT</u>

I.   <u>MAXIMUM PUNISHMENT</u>

The Defendant understands that the maximum statutory punishment that

Page **1** of **12**

_____mB_____
DEFENDANT'S INITIALS

may be imposed for the crime of Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1) as charged in COUNT ONE, is:

    a.    Imprisonment for not more than ten (10) years;

    b.    A fine of not more than $250,000; or

    c.    Both (a and b);

    d.    Supervised release of not more than 3 years; and

    e.    Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On March 30, 2014, Birmingham Police Department Officers James Daniel and Mark Mehringer received a disturbance call to the Sky Inn Motel at 6000 1st Avenue North in Birmingham, AL within the Northern District of Alabama. Upon arriving at the motel parking lot, the officers observed no one outside and one vehicle, a Ford Crown Victoria, occupied by a driver, with the motor running. A computer check revealed that the registered owner of the vehicle was the Defendant Michael BRYANT. The officers further determined that BRYANT had an outstanding warrant from California and a suspended license. The tag on

MB
DEFENDANT'S INITIALS

the car was also expired.

Officer Mehringer made contact with the driver, who was later identified as BRYANT. A strong odor of burnt marijuana was emanating from within the car, so the officers removed BRYANT from the vehicle. When Officer Mehringer noticed a marijuana roach in the center console ashtray, BRYANT was taken into custody and placed in the backseat of the police vehicle. A subsequent search of the car revealed a backpack containing a large clear plastic bag of marijuana that was located between the two front seats, as well as a Kel Tec 9mm pistol, which was retrieved near the glove-box.

BRYANT was a felon at the time of this incident. BRYANT was convicted on September 14, 2007, in the United States District Court for the Eastern District of Missouri, for Conspiracy to Possess a Firearm by a Felon, in case number 2:11-cr-459-CLS .

The Kel Tec 9mm pistol recovered from BRYANT's vehicle functions properly. The pistol was not manufactured in Alabama and traveled in interstate commerce.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do**

_MB_
DEFENDANT'S INITIALS

not constitute all of the evidence of each and every act that the defendant may have committed.

*Michael Bryant*
MICHAEL BRYANT
The Defendant

## III. <u>RECOMMENDED SENTENCE</u>

Subject to the limitations in **Paragraph VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the Government will recommend the following disposition:

(a) That the defendant be awarded the appropriate reduction in offense level for acceptance of responsibility;

(b) That the defendant be sentenced at the low end of the of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

(c) That following said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3;

(d) That the defendant be required to pay a fine which will be

MB
DEFENDANT'S INITIALS

    determined by the court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

  (e) That the defendant pay a special assessment fee of $100.00, said amount due and owing as of the date sentence is pronounced.

## IV.  WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, **MICHAEL BRYANT, hereby waive and give up my right to appeal my conviction or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose upon me. Further, I waive and give up the right to challenge my conviction or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:**

The defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

  (a) Any sentence imposed in excess of the applicable statutory

                *MB*
               DEFENDANT'S INITIALS

maximum sentence(s);

(b) Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed; and

(c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, MICHAEL BRYANT, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
MICHAEL BRYANT
The Defendant

Page **6** of **12**

_____
DEFENDANT'S INITIALS

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to

MB
DEFENDANT'S INITIALS

accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's Plea Agreement, the defendant admits to the

DEFENDANT'S INITIALS

above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to Defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

**Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.**

_MB_
DEFENDANT'S INITIALS

Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of **twelve pages**. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. By pleading guilty, I understand that I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN**

MB
DEFENDANT'S INITIALS

MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here (if none, write "none"):

_____none_____

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understood, and approved all of the provisions of this Agreement, both individually and as a total binding agreement.

4/15/15
DATE

Michael Bryant
MICHAEL BRYANT
Defendant

## XIII. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I

Page 11 of 12

MB
DEFENDANT'S INITIALS

believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

4|15|15
DATE

GLENNON THREATT, ESQ
Defendant's Counsel

## XIV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

4/15/15
DATE

ERICA WILLIAMSON BARNES
Assistant United States Attorney

MB
DEFENDANT'S INITIALS